UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cement Masons, Plasterers and Shophands Service Corporation, | File No. 22-CV-00712 (JMB/DLM) |
| Plaintiff, | |
| v. | ORDER |
| Quality Coatings, LLC; Quality Cleaning, Inc.; QC Companies; and Alisa Maciej, *Individually*; | |
| Defendants. | |

Pamela Hodges Nissen and Amanda R. Cefalu, Reinhart Boerner Van Duren s.c., Minneapolis, MN, for Plaintiff Cement Masons, Plasterers, and Shophands Service Corporation.

Colleen McGarry, Katherine Marie Geneser, and Michael G. McNally, Fox Rothschild LLP, Minneapolis, MN, for Defendants Quality Coatings, LLC; Quality Cleaning, Inc.; QC Companies; and Alisa Maciej.

This matter is before the Court on Plaintiff Cement Masons, Plasterers and Shophands Service Corporation's (Service Corporation) Motion in Limine and Defendants Quality Coatings, LLC's (Coatings), Quality Cleaning, Inc.'s (QC's), and Alisa Maciej's Motions in Limine 1 through 6. (Doc. Nos. 137, 138, 139, 140, 141, 142, 149.) The parties presented argument regarding each motion at the pretrial conference. The Court addresses each motion, in turn, below.

I.     SERVICE CORPORATION'S MOTION IN LIMINE 1

Service Corporation anticipates that Defendants will rely on evidence and testimony

1

at trial that was previously undisclosed and related to the following topics: (1) certain transactions or exchanges of funds between Coatings and QC; (2) job costing reports; and (3) performance reports. Service Corporation asserts that it had propounded discovery seeking information on these topics from Defendants, but, in response, Defendants provided only promises to permit Service Corporation to inspect Defendants' documents and provided vague references to "documents [that] have already been made available for Plaintiff to inspect and/or have already produced." (Doc. No. 150-3 at 5–7; Doc. No. 150-4 at 7–8; Doc. No. 150-6 at 7–9.) For their part, Defendants assert that they do not intend to rely on any previously undisclosed evidence at trial and that witnesses may testify to business practices that were not contemporaneously documented or otherwise committed to a writing. For the reasons discussed below, the Court grants the motion in part, and reserves ruling on the motion in part.

Federal Rule of Civil Procedure 37(c)(1) precludes a party from presenting evidence at trial that was not disclosed during discovery in accordance with Rule 26(a) and (e), unless the failure to disclose was substantially justified or is harmless. Pursuant to this Rule, the Court will exclude any documents introduced by Defendants that were in Defendants' possession, custody, or control during the discovery period and responsive to Service Corporation's discovery requests, but not timely produced during discovery.

To the extent that the motion also seeks to preclude testimony, the Court reserves ruling on this portion of the motion, and Service Corporation may make appropriate objections to witness testimony at trial or seek to impeach the testimony at trial—including by omission—with prior statements of the witness.

## II.   DEFENDANTS' MOTION IN LIMINE 1

Defendants seek to exclude Service Corporation's witness, auditor Greg Benson, from testifying on grounds that he was not timely disclosed as an expert witness in contravention to Federal Rule of Civil Procedure 37(c)(1), and that Benson's testimony as an expert witness is unreliable under Federal Rule of Evidence 702.

The premise of Defendants' motion is that Benson was not, but should have been, designated as Service Corporation's expert witness.  The Court concludes that the analysis of the Seventh Circuit Court of Appeals in a similar ERISA fringe benefits case is persuasive.  *See Trs. of Chicago Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 901–02 (7th Cir. 2009) (concluding CPA who testified as to contents of audit report provided non-expert testimony).  Like the CPA in that case, Benson will testify about an audit he conducted concerning the facts surrounding payroll and hours reported for purposes of fringe-benefit contributions.  His testimony draws from his personal knowledge of his review of Defendants' business records.  As in *Trustees of Chicago*, Benson's report and anticipated testimony is not subject to the procedural and evidentiary requirements regarding reports and testimony of expert witnesses.  Service Corporation timely disclosed Benson as a lay witness with "[k]nowledge regarding review of the Defendants' records" in its Rule 26(a) Initial Disclosures. (Doc. No. 158-8 at 3)  Thus, the Court denies the motion.

## III.   DEFENDANTS' MOTION IN LIMINE 2

Defendants seek to exclude two documents on Service Corporation's proposed exhibit list that are related to Benson's work, which documents Defendants assert were not

timely disclosed under Federal Rule of Civil Procedure 37(c)(1). Specifically, Defendants seek the exclusion of (1) P-150, which is an audit report drafted by Benson and disclosed to Defendants after the close of discovery, and (2) P-152, which is a summary exhibit that also reflects Benson's analysis and conclusions. In the alternative, Defendants seek an opportunity to depose Benson about the contents of P-150 and P-152.

### A.  P-150

A brief review of the relevant procedural history is helpful to resolve Defendants' motion as to P-150. As noted above, *supra* Part II, Service Corporation disclosed Benson in its initial Rule 26(a) Initial Disclosures in June 2022. (Doc. No. 158-8 at 3.) Service Corporation provided Benson's place of work and disclosed that he may have "[k]nowledge regarding review of the Defendants' records." (*Id.*) Then, on March 15, 2023 (more than one month before the April 24, 2023 discovery cutoff date), Service Corporation served its Second Supplemental Rule 26(a) disclosures, in which it identified Benson's scope of discoverable information as including "[k]nowledge regarding review of the Defendants' records; and creation of the audit invoices using records provided in discovery to identify amounts not reported to the Plaintiff." (Doc. No. 158-9 at 5.) At that same time, Service Corporation produced an audit report, which Benson created based on his review of Coatings's and QC's payroll journals and the hours Coatings reported to Service Corporation. This audit-report document was introduced and reviewed during the depositions of Gary Maciej, Tim Maciej, and Alisa Maciej. (Doc. No. 74-2 at 127:1– 129:17; Doc. No. 74-3 at 204:11–206:6; Doc. No. 158-11.) Defendants were aware of Benson and his audit during the discovery period; in the Rule 30(b)(6) deposition notice

4

Defendants served on Service Corporation, Defendants designated topics related to Benson's employer and "[a]ll audits conducted on Defendants for You." (Doc. No. 158-14 at 6–7.)  Defendants did not ask any of Service Corporation's Rule 30(b)(6) deponents about Benson's work or his work product.  Defendants did not seek to depose Benson at any time.

Later, on June 5, 2023, Service Corporation filed its motion for summary judgment.  In support of their motion, they submitted a declaration by Greg Benson.  (Doc. No. 73.)  In his declaration, Benson described the means by which he drafted his audit report.  (*See id.*)  He also appended an updated audit report at this time, although the only difference from what was previously disclosed in March 2023 related to the inclusion of payroll information for one employee who had been mistakenly omitted from the March 2023 report.  (*See* Doc. No. 73-1.)  On its proposed exhibit list for trial, Service Corporation included Benson's June 2023 report as P-150.

With this history in mind and given the minor changes between P-150 and the report disclosed in March 2023, the Court cannot agree with Defendants that they will be unfairly "ambushed" by the admission of P-150 at trial.[1]  Benson's initial draft audit report was produced more than one month before the close of discovery.  At the hearing on this motion, Defendants' counsel conceded that they believed portions of Benson's initial audit report were flawed but, nevertheless, they chose not to depose Benson or ask Service

---

[1] This is especially so because, at the hearing on the motion, the parties agreed that the documents underlying P-150 will likely be admitted as separate exhibits at trial.

5

Corporations Rule 30(b)(6) deponents about Benson's work. Further, after Service Corporation disclosed Benson's updated audit report in June 2023, Defendants did not seek to reopen discovery to depose Benson. Thus, the motion is denied as to P-150 and the Court will not permit a late-stage, pre-trial deposition of Benson about his calculations and conclusions.

    **B.**    **P-152**

P-152 is an annotated spreadsheet offered for two purposes: first, the information in the spreadsheet is being offered as a summary exhibit under Federal Rule of Evidence 1006; and second, the exhibit also includes Benson's annotations about the information. At the hearing on the motion, Service Corporation's counsel explained that Benson's annotations were being offered for purely demonstrative purposes. For the reasons noted above concerning Benson's non-expert testimony, *supra* Part II, the Court denies the motion to exclude this exhibit.

However, the Court also concludes that, while the information in the summary spreadsheet satisfies Federal Rule of Evidence 1006, the annotations go beyond what would be permitted by that Rule. Therefore, the Court is directing Service Corporation to use two different versions of this exhibit. Service Corporation shall prepare and disclose to Defendants, on or before **April 15, 2025**, one version, marked as "P-152A," with all annotations removed. P-152A may be used pursuant to Rule 1006. The previously disclosed exhibit, which includes Benson's annotations, shall be remarked as "P-152B," and may be used for demonstrative purposes only. Service Corporation shall also, on or before **April 15, 2025**, file an updated Exhibit List reflecting these changes.

## IV.   DEFENDANTS' MOTION IN LIMINE 3

Defendants seeks the exclusion of seven documents identified by Service Corporation as summary exhibits admissible pursuant to Federal Rule of Evidence 1006.[2] Defendants argue that these exhibits do not satisfy the requirements of Rule 1006. Given the particular objections raised to the exhibits,[3] the Court will reserve ruling on the motion until a challenged exhibit is offered into the record at trial.[4]

## V.   DEFENDANTS' MOTION IN LIMINE 4

Defendants seek to exclude the following two categories of documents under Federal Rules of Evidence 402 and 403: (1) documents that Service Corporation allegedly did not produce during discovery; and (2) Alisa Maciej's and Timothy Maciej's personal financial documents (specifically, Service Corporation's proposed exhibits P-252, P-254–57, P-259–63, P-282, and P-285–87), which Defendants assert are not relevant to any issue at trial. For the reasons set forth below, the Court denies the motion.

---

[2] Defendants' motion initially identified eleven challenged documents: P-28, P-75, P-86, P-87, P-90, P-152, P-153, P-243, P-244, P-247, and P-249. However, at the hearing on the motion, Defendants withdrew their objection to P-75, P-90, P-152, and P-249.

[3] The Court observes that, at the hearing on this motion, the parties were in agreement that the documents underlying the challenged summary exhibits were being offered as exhibits themselves and that there was no objection to these underlying exhibits. Thus, even assuming that the Court ultimately sustains an objection based on Rule 1006 to a particular challenged exhibit, Service Corporation could still offer that same exhibit for demonstrative purposes.

[4] Additionally, at the hearing, the parties represented that they continue to discuss evidentiary stipulations that could further impact the admissibility of the challenged exhibits.

First, regarding the allegedly unproduced documents, the Court observes that the documents that Defendants claim have not been produced to them are Defendants' own business records. During discovery, Defendants did not produce documents in response to certain requests for production propounded by Service Corporation. Instead, Defendants invited Service Corporation's attorneys to visit Defendants' file room, where Service Corporation's attorneys identified the documents they believed were responsive to their own requests for production. After Service Corporation's attorneys identified documents for copying, neither Defendants' counsel nor any other representative for Defendants noted which documents Service Corporation had identified or made copies of them. Instead, after Service Corporation's copy service rendered copies for Service Corporation, Defendants simply re-filed the documents and then asked Service Corporation to produce the documents that, at root, Defendants had the burden to produce. Defendants did not bring a motion to compel the production of the documents and declined Service Corporation's reasonable request that Defendants cover half of the production cost in exchange for their production. Defendants point to no binding authority that would require the Court to exclude documents that Defendants produced to Service Corporation (by virtue of having permitted Service Corporation's attorneys to inspect Defendants' records) from being used against them at trial. The Court denies this portion of the motion.

Second, regarding the Maciejs' personal financial information, the Court disagrees with Defendants that the information is not relevant to the issues at trial. At trial, Service Corporation will seek to prove Defendants' alter-ego liability. The Maciejs' personal

financial information is generally relevant to the factors the Court is required to analyze to determine alter-ego liability. The Court also denies this portion of the motion.

## VI. DEFENDANTS' MOTION IN LIMINE 5

Defendants seek to prohibit "improper reference to QC Companies" during trial under Federal Rules of Evidence 402 and 403. Specifically, Defendants seek an order that Service Corporation may not use the term "QC Companies" to describe the alleged combined operations of Coatings and QC during the time in which Coatings did not yet exist. At the hearing on this motion, counsel for Service Corporation agreed that, at trial, it would be improper to inaccurately reference the Defendant entities and would endeavor to accurately refer to the Defendant entities that were in existence at any given time. For that reason, the Court denies the motion as moot.

## VII. DEFENDANTS' MOTION IN LIMINE 6

Defendants seek to exclude certain witnesses that appear on Service Corporation's witness list under Federal Rule of Civil Procedure 37(c)(1). Specifically, Defendants argue that Service Corporation appears to intend to call witnesses that have never been disclosed and are instead vaguely referenced on the Service Corporation's witness list as "Corporate Representatives" of the following third parties: RJM Construction, Inc., JE Dunn, Mortenson Company, Assured Partners of Minnesota L.L.C., and Premier Bank. Service Corporation counters that the challenged witnesses were identified generally at the appropriate times during discovery and that they intend to call the witnesses only for the limited purposes of authentication and foundation.

9

The Court does not agree with Defendants that the witnesses—which Service Corporation will rely on only for limited purposes—were previously undisclosed. Service Corporation identified the following category of potential witnesses in its Rule 26(a) Initial Disclosures: "Contractors / Property Owners with whom Defendants contracted for labor and services during the audit period," which Service Corporation believed would have "[k]nowledge regarding projects where Defendants' employees performed work within the jurisdiction of the collective bargaining agreement." (Doc. No. 158-8 at 4.) Further, Service Corporation asked Defendants' witnesses during their depositions about documents comprising communications and documents exchanged between Coatings and QC on the one hand, and either JE Dunn, RJM Construction, and Mortenson on the other. (Doc. No. 77; Doc. No. 78-9; Doc. No. 78-16; Doc. No. 80-6; Doc. No. 80-12; Doc. No. 80; Doc. No. 80-3.) Finally, Defendants produced records that, in Service Corporation's view, shows that certain financial services companies provided and offered insurance and banking services to the Defendant entities during the audit period. (Doc. No. 82-9; Doc. No. 82-10; Doc. No. 82-14.)

Therefore, the Court will deny the motion. The Court will permit the challenged witnesses' testimony for the limited purposes of providing foundation and document authentication. Further, Service Corporation is instructed to file an updated witness list on or before **April 15, 2025**, in which Service Corporation shall disclose the specific names and contact information for each challenged Corporate Representative witness that it intends to call at trial.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Service Corporation's Motion in Limine 1 (Doc. No. 149) is GRANTED IN PART and RESERVED IN PART, as described above.

2. Defendants' Motions in Limine 1, 2, 4, 5, and 6 (Doc. Nos. 137, 138, 140, 141, and 142) are DENIED.

    a. Service Corporation shall file an updated Witness List including the names of each specific corporate representative referenced in Defendants' Motion in Limine 6 on or before **April 15, 2025**.

    b. Service Corporation shall update its proposed Exhibit List by or before **April 15, 2025** to include P-152A and P-152B. In addition, Service Corporation shall prepare and disclose to Defendants, on or before **April 15, 2025**, a version of P-152 with all annotations removed, which shall be marked as "P-152A."

3. Defendants' Motion in Limine 3 (Doc. No. 139) is RESERVED.

Dated: April 8, 2025

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court